UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

LORENZO QUINTANA, on behalf of himself
and all others similarly situated,

Case No. 18-CV-393

Plaintiff,

v.

**CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED**

CENTURYLINK, INC.

Defendant.

Plaintiff Lorenzo Quintana ("Plaintiff" or "Mr. Quintana"), individually and on behalf of all others similarly situated, alleges the following on information and belief against CenturyLink, Inc. ("CenturyLink" or Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act (TCPA). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" (ATDS) and/or an artificial and prerecorded voice to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin CenturyLink from continuing to place autodialed telephone calls and/or calls with an artificial and prerecorded voice to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

1. Senator Hollings, one of the TCPA's sponsors, described automated calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

cord out of the wall." 137 Cong. Rec. 30, 821 (1991). Thus, the TCPA was enacted to empower the private citizen and to protect the privacy of consumers nationwide.

2. Unfortunately, autodialed and artificial and prerecorded voice calls continue to increase and further invade the privacy of millions of consumers. Notably, many consumers who have been subjected to illegal calling activity do not report each instance of illegal calling activity, and the actual number of consumers affected by illegal calls is significantly higher.

3. Here, CenturyLink contacts consumers using an ATDS and/or pre-recorded voice, *without their prior express written consent*, in an effort to solicit their business.

4. Accordingly, this case addresses CenturyLink's pattern of practice of calling consumers on their cellular telephones using an autodialer and/or artificial pre-recorded voice who have no direct relationship with CenturyLink.

5. CenturyLink conducted (and continues to conduct) a wide-scale solicitation campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

6. By making these autodialed calls and/or calls using an artificial and prerecorded voice, CenturyLink caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

7. Furthermore, CenturyLink made the calls knowing they interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

8. CenturyLink called Mr. Quintana's cellular telephone at least once using an automatic telephone dialing system and/or an artificial and pre-recorded voice, including a call on April 2, 2018 from telephone number (844) 212-0182.

9. The April 2, 2018 call was made to advertise CenturyLink's products and services.

10. When the offending number is called back, an automation answers which states: "Welcome to CenturyLink. The next available representative will be with you shortly . . . ."

11. CenturyLink placed these calls with a predictive dialer with the capacity to store and dial a list of telephone numbers without human intervention. When Plaintiff answered Defendant's call, he heard a momentary pause. This pause indicates that Defendant placed the calls at issue with a predictive dialer: equipment with the capacity to store and dial a list of telephone numbers without human intervention.

12. The call was also placed with an artificial and pre-recorded voice.

13. Plaintiff did not give Defendant prior express written consent to make these calls.

14. At the time the calls were placed, Mr. Quintana did not have any relationship with CenturyLink, and did not provide express written consent to receive autodialed and/or calls with an artificial or prerecorded voice.

15. Upon receiving the call and hearing a robotic voice, Mr. Quintana immediately hung up and blocked the number. He changed his number shortly thereafter in an effort to avoid unsolicited and unwanted telemarketing calls.

16. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an ATDS and/or an artificial and prerecorded voice without their prior express written consent within the meaning of the TCPA.

## PARTIES

17. Plaintiff Lorenzo Quintana is, and at all times mentioned herein was, a resident of Youngsville, North Carolina, and a citizen of the State of North Carolina.

18. Defendant CenturyLink, Inc. is, upon information and belief, a Louisiana Limited Liability Company with a principle place of business at 100 CenturyLink Drive, Monroe, LA 71203.

19. CenturyLink conducts business throughout this District and the State of North Carolina.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

21. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

22. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, solicits consumers in this District, made and continues to make unwanted autodialed and prerecorded solicitation calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

23. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Furthermore, venue is proper because Plaintiff resides in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

A. **The TCPA Of 1991**

24. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

25. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. The same section forbids making calls using an "artificial or prerecorded voice." *Id.*

26. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the

individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     CenturyLink's Calls to Plaintiff and Class Members**

27. Prior to the calls at issue in this action, Plaintiff was a customer of Defendant.

28. That relationship ended approximately a year ago.

29. Plaintiff did not provide express written consent to receive autodialed and/or calls using an artificial and prerecorded voice from CenturyLink.

30. Defendant called Plaintiff at least once, including a call on April 2, 2018 from telephone number (844) 212-0182, using an autodialer without his prior express written consent for the purpose of marketing its products and services. The call was also placed with an artificial and prerecorded voice.

31. CenturyLink placed the call for the purposes of marketing its products and services.

32. When Plaintiff answered the call and heard that it was a robotic telemarketing call, he immediately hung up and proceeded to block the number.

33. Defendant owns the telephone number (844) 212-0182. In fact, when the number is dialed back, an automation answers which states: "Welcome to CenturyLink. The next available representative will be with you shortly . . . ."

34. Specifically, the hardware and software used by Defendant has the capacity to generate and store random numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention.

35. Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

36. When Plaintiff answered Defendant's calls, he heard a momentary pause before someone started speaking to him. This pause indicates that Defendant placed the calls at issue with a predictive dialer: equipment with the capacity to store and dial a list of telephone numbers without human intervention.

37. Plaintiff's situation is not unique because when placing these calls to consumers, Defendant fails to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls.

38. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

39. Defendant knowingly made (and continues to make) autodialed and prerecorded solicitation calls to cellular telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

40. Online consumer complaints regarding Defendants' unsolicited phone calls from these same numbers have been well documented:

- "Rec[eived] a call from this number, answered and no one was there" [suggesting an ATDS].[1]

---

[1] https://800notes.com/Phone.aspx/1-844-212-0182 (last visited 8/7/18)

- "I just received a call from this number and the woman left a voicemail stating it was a courtesy call from Century Link and to call them back . . . funny thing is, I don't have services from Century Link. I won't be calling them back."[2]

- "I received a call on 7/18/2016 from this number. A voice mail message was left, stating it was a courtesy call from Century Link and to call them back. I don't have Century Link services."[3]

- "They just called and left the exact same voicemail three times within 10 minutes! Said it was a 'courtesy call", but I couldn't understand what her name was. I don't do business with CenturyLink; do they think people are stupid? SMH"[4]

- "Apparently this is a Century Link number, but I have no service through them so I will be blocking this number."

- "This number is from Centry Link and they keep calling even after I requested to be removed from there call list..."

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

42. Plaintiff proposes the following Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA and/or with an artificial or prerecorded voice; (f) at any time in the period that begins four

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

years before the filing of the complaint in this action to the date that class notice is disseminated.

43. Plaintiff represents, and is a member of, this proposed class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

44. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the class is so numerous that individual joinder would be impracticable.

45. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

46. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

47. The proposed class can be identified easily through records maintained by Defendant.

48. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to class members using an autodialer and/or prerecorded voice without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

> c. Whether Defendant is liable for damages, and the amount of such damages, and
>
> d. Whether Defendant should be enjoined from engaging in such conduct in the future.

49. Plaintiff asserts claims that are typical of each member of the class because he is a person who received at least one call on his cellular telephone using an autodialer and/or an artificial and prerecorded voice without his prior express written consent.

50. Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

51. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

52. A class action is the superior method for the fair and efficient adjudication of this controversy.

53. Class wide relief is essential to compel Defendant to comply with the TCPA.

54. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

55. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

56. Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

57. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq***.**

58. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

61. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

62. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *et seq***.**

63. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

65. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

67. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 8, 2018                     Respectfully submitted,

By: ___/s/ Scott Harris___
      Scott Harris

WHITFIELD BRYSON & MASON LLP
Scott Harris
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5003
Facsimile: (919) 600-5035
E-Mail: scott@wbmllp.com

*Attorneys for Plaintiff*

**BURSOR & FISHER, P.A.**
Joshua D. Arisohn (*To Be Admitted PHV*)
Andrew Obergfell (*To Be Admitted PHV*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jarisohn@bursor.com
       aobergfell@bursor.com

*Attorneys for Plaintiff*